UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-81418-Middlebooks/Matthewman

NOLAN WOODS,

      Petitioner,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

FILED BY_____KJZ_____D.C.

Feb 5, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S PRO SE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY [DE 1]

THIS CAUSE is before the Court upon Petitioner, Nolan Woods' ("Petitioner") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [DE 1]. The matter was referred to the undersigned by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 16. Respondent, Florida Department of Corrections ("Respondent"), has filed a response to the Petition [DE 9], an Appendix [DE 10], and several transcripts [DE 11]. Petitioner has filed a reply [DE 14]. The Court has reviewed and carefully considered the Petition, the response, the reply, the exhibits, the transcripts, and all pertinent portions of the underlying criminal file.

## I.     WHETHER MOVANT IS ENTITLED TO AN EVIDENTIARY HEARING

As a preliminary matter, the Court finds that an evidentiary hearing is not required in this case. "Because this habeas petition can be resolved by reference to the state court record there is

1

no need for an evidentiary hearing." *Josey v. Inch*, No. 19-62510-CV, 2020 WL 2497884, at *3 (S.D. Fla. Apr. 22, 2020), *report and recommendation adopted,* No. 19-CV-62510, 2020 WL 2494642 (S.D. Fla. May 14, 2020) (citing 28 U.S.C. § 2254(e)(2)); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that, if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Here, Petitioner has failed to demonstrate the existence of any factual disputes that warrant a federal evidentiary hearing. Therefore, Petitioner is not entitled to an evidentiary hearing and no evidentiary hearing shall be scheduled.

Further, the Court finds and RECOMMENDS that Movant's Petition be DENIED in its entirety, as discussed in detail below.

## II.      BACKGROUND

This case originated in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (case number 50-2008-CF-009777-MB). On March 15, 2010, Petitioner was charged by Second Amended Information with sexual battery on a person less than 12 years of age (Count 1) and lewd or lascivious molestation (Count 2). [DE 10-1, Ex. 1]. After a jury trial, he was found and adjudicated guilty on both counts on March 17, 2010. [DE 10-1, Ex. 2]. On May 10, 2010, Petitioner was sentenced to life imprisonment without parole on Count 1, with 693 days of jail credit. [DE 10-1, Ex. 3]. At the sentencing hearing, the State asked the trial court to dismiss Count 2 to avoid a double jeopardy issue under the Florida statutes and the case law, and the trial court granted the State's motion to dismiss Count 2. [DE 11-1, pp. 810-864].

On June 17, 2011, Petitioner filed a timely direct appeal of the conviction and sentence to the Fourth District Court of Appeal (Case No. 4D10-2054). [DE 10-1, Ex. 4]. On July 18, 2012,

the Fourth District Court of Appeal entered a written opinion reversing Petitioner's conviction in light of its finding that the trial court erred in excluding "a critical prior inconsistent statement of the victim" at trial. *Woods v. State*, 92 So. 3d 890 (Fla. 4th DCA 2012); [DE 10-1, Ex. 6]. The mandate issued on August 31, 2012.

Petitioner's jury trial on remand commenced December 10, 2013, and concluded on December 12, 2013. [DEs 11-2, 11-3, 11-4, 11-5, 11-6, and 11-7]. The jury found Petitioner guilty of lewd or lascivious molestation, a lesser included charge of sexual battery on a person less than 12 years of age (as charged in the Information). [DE 10-1, Ex. 7]. The sentencing hearing was held on January 10, 2014 [DE 11-8], and the trial court sentenced Petitioner to the Department of Corrections for life imprisonment. [DE 10-1, Ex. 8]. Petitioner is currently serving his sentence at the South Bay Correctional Facility.

On February 12, 2015, Petitioner filed a timely direct appeal of the conviction and sentence to the Fourth District Court of Appeal (Case No. 4D14-0160). [DE 10-1, Ex. 9]. He asserted three issues: (1) that the trial court erred by admitting a portion of the controlled call which referenced a prior accusation of child molestation involving another child because its probative value was greatly outweighed by its prejudicial effect; (2) that defense counsel was ineffective in agreeing to lewd and lascivious molestation as a lesser included offense of capital sexual battery, resulting in Petitioner's conviction for an uncharged offense; and (3) that the trial court erred by overruling the defense's objection to the prosecutor's comment in closing argument that improperly stated the burden of proof. [DE 10-1, Ex. 9]. On April 7, 2016, the Fourth District Court of Appeal issued a per curiam affirmance. *Woods v. State*, 192 So. 3d 67 (Fla. 4th DCA 2016). Petitioner's *pro se* Motion for Rehearing *En Banc* was denied by order issued June 16, 2016. [DE 10-1, Ex. 11]. The

3

Mandate issued on July 08, 2016.

Petitioner sent a *pro se* letter dated August 1, 2016, to the Florida Supreme Court, asking it to review the circumstances of his conviction for "an uncharged crime." [DE 10-1, Ex. 12]. On August 10, 2016, the Florida Supreme Court acknowledged receipt of Petitioner's letter and treated it as a petition for writ of habeas corpus. [DE 10-1, Ex. 13]. In an order dated August 23, 2016, the Florida Supreme Court transferred the petition for writ of habeas corpus to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (Case No. 502008CF009777AXXXMB), for consideration as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. [DE 10-1, Ex. 14]. The order stated that "[t]he transferee court shall treat the petition as if it had been originally filed there on the date it was filed in this Court," which was August 5, 2016. [DE 10-1, Ex. 14].

The Circuit Court docketed Petitioner's letter as a Motion for Post Conviction Relief. [DE 10-1, Ex. 15]. After the Florida Supreme Court denied Petitioner's Motion for Rehearing on September 27, 2016 [DE 10-1, Ex. 16], Petitioner filed a "Voluntary Dismissal of Transferred Habeas Proceeding" with the Fifteenth Judicial Circuit in and for Palm Beach County Court on October 26, 2016. [DE 10-1, Ex. 17].

On April 8, 2017, Petitioner filed a "Petition Alleging Ineffective Assistance of Appellate Counsel" with the Fourth District Court of Appeal, seeking a belated appeal to raise "new grounds." [DE 10-1, Ex. 18]. On May 24, 2017, the Fourth District Court of Appeal entered an order summarily denying the petition for ineffective assistance of appellate counsel. [DE 10-1, Ex. 19]. The order denying a motion for rehearing was on issued July 6, 2017. [DE 10-1, Ex. 20].

Thereafter, on July 11, 2017, Petitioner delivered a new motion for post-conviction relief

4

pursuant to Florida Rule of Criminal Procedure 3.850 to South Bay Correctional Facility for mailing to the Clerk of the Palm Beach Circuit Court. [DE 10-1, Ex. 21]. On October 3, 2017, before the State's response was filed, Petitioner provided an "Amended and Supplemented" Motion for Post-Conviction Relief to South Bay Correctional Facility for mailing to the Clerk of the Palm Beach Circuit Court. [DEs 10-1, 10-2, Ex. 23]. The post-conviction court issued an order directing the State to respond on October 12, 2017. [DE 10-2, Ex. 24]. However, before the State had the opportunity to file its response to the amended 3.850 motion, Petitioner provided a Second Amended and Supplemented Motion for Post Conviction Relief to South Bay Correctional Facility for mailing to the Clerk of the Palm Beach Circuit Court on January 17, 2018. [DE 10-2, Ex. 25]. The State timely filed its response to Petitioner's "Pro Se Second Amended and Supplemented Motion for Postconviction Relief." [DE 10-2, 10-3, Ex. 26]. On May 1, 2019, the post-conviction court entered its order, adopted the State's response, and summarily denied Petitioner's 3.850 motion on the merits. [DE 10-3, Ex. 27].

Petitioner appealed the trial court's denial of his 3.850 motion to the Fourth District Court of Appeal (Case No. 4D19-1502). The appellate court issued its per curiam affirmance on September 12, 2019. *Woods v. State*, 280 So. 3d 60 (Fla. 4th DCA 2019). Rehearing was denied by order dated October 10, 2019, and the Mandate issued on November 1, 2019. [DE 10-3, Ex. 28].

While the motion for post-conviction relief was proceeding in the lower court, on February 22, 2018, Petitioner filed a "Second or Successive Petition Alleging Ineffective Assistance of Appellate Counsel And Manifest Injustice" with the Fourth District Court of Appeal, again seeking a belated appeal. [DE 10-3, Ex. 29]. On March 20, 2018, the Fourth District Court of Appeal

entered its order dismissing the petition for ineffective assistance of appellate counsel. [DE 10-3, Ex. 30]. An order denying a motion for "belated rehearing" was issued on May 24, 2018. [DE 10-3, Ex. 31].

On January 7, 2019, Petitioner filed a "Successive Petition for Writ of Habes (sic) Corpus" with the Fourth District Court of Appeal challenging the conviction rendered January 10, 2014. [DE 10-3, Ex. 32]. On February 14, 2019, the Fourth District Court of Appeal entered an order dismissing the petition as unauthorized. [DE 10-3, Ex. 33].

Petitioner delivered his Petition [DE 1] to South Bay Correctional Facility for mailing to this Court on October 14, 2019, according to a prison stamp on his initial petition. *Id.* at pp. 1, 17.

### III.   PETITION, RESPONSE, AND REPLY

#### A.  The Petition [DE 1]

In the underlying Petition, Petitioner seeks federal habeas relief, arguing that (1) defense counsel provided ineffective assistance of counsel in advising Petitioner regarding lesser included offenses ("Claim One"), and (2) trial counsel was ineffective in failing to file a motion for judgment of acquittal or arrest of judgment on the lewd and luscious molestation conviction on double jeopardy grounds ("Claim Two"). [DE 1].

#### B.  The Response [DE 9]

The State concedes that the Petition is timely and that Petitioner exhausted Claim One by raising that same issue on direct appeal and in his 3.850 motion. [DE 9]. However, the State asserts that Claim Two of the Petition has not been ruled upon by the state courts, and, thus, Claim Two has not been exhausted and is procedurally defaulted from federal habeas review. *Id.* Finally, the State contends that the two substantive arguments asserted by Petitioner have no merit in light of

the record in this case. *Id.*

### C. The Reply [DE 14]

In reply, Petitioner first argues that his trial counsel provided ineffective assistance of counsel by misadvising him regarding lesser included offenses, by failing to request a jury instruction on the lesser included offense of unnatural and lascivious acts, and by failing to inform Petitioner that lewd and lascivious molestation is a life felony. [DE 14]. Petitioner next contends that, with regard to Claim Two in the Petition, case law states that "[i]nadequate or no assistance of counsel at the initial-review collateral proceedings may establish cause for a prisoner's default of a claim of ineffective assistance at trial." *Id.* at p. 9.

## IV.   ANALYSIS REGARDING EXHAUSTION

Pursuant to 28 U.S.C. § 2254(b)-(c), petitioners are required to exhaust their claims by fairly presenting them to the state courts for adjudication before presenting them in a federal habeas petition. When petitioners do not properly present their claims, exhaust their claims, and comply with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing 28 U.S.C. § 2254(b)-(c)).

Here, Petitioner has conceded in his Petition and in his reply that he failed to exhaust Claim Two laid out in the Petition; however, he argues that his failure to exhaust should not result in procedural default as he was acting in a *pro se* capacity when he filed his post-judgment motions.

In *Martinez v. Ryan*, 566 U.S. 1 (2012) the Supreme Court recognized a narrow exception to the procedural default rule for claims of ineffective assistance of trial counsel. The Court held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from

hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. The rationale of *Martinez* has since been extended to the cases where the first opportunity to challenge trial counsel's effectiveness is in state post-conviction proceedings. *Trevino v. Thaler*, 569 U.S. 413, 429 (2013).

In order to demonstrate cause in circumstances where *Martinez* and *Trevino* apply, a petitioner must establish (1) a "substantial" claim of ineffective assistance of trial counsel; (2) that the cause for failure to exhaust the claim is ineffective post-conviction counsel or lack of post-conviction counsel in the initial-review collateral proceeding; (3) that the state collateral proceeding was the "initial" opportunity to review the claim regarding trial counsel's performance; and (4) that the state requires, either by law or as a practical matter, that ineffective assistance of trial counsel claims be raised in the post-conviction proceeding. *Trevino*, 569 U.S. at 423, 429; *Martinez*, 566 U.S. at 17.

Here, Petitioner did file a 3.850 motion, but he failed to raise the argument that his trial counsel was ineffective in failing to file a motion for judgment of acquittal or arrest of judgment on the lewd and luscious molestation conviction on double jeopardy grounds. At this point, there is no procedural mechanism for him to return to Florida courts and exhaust the issue. Moreover, Petitioner has failed to demonstrate that an exception excuses him from the procedural default of Claim Two raised in the Petition. He has failed to demonstrate a "constitutional error occurred," and that this is not an "insubstantial" claim. Moreover, Petitioner has made no showing of cause and prejudice to excuse the procedural default of Claim Two. Nor does he attempt to make any showing of a fundamental miscarriage of justice by providing new evidence establishing his actual

innocence. Thus, Petitioner has failed to demonstrate that an exception excuses him from the procedural default of Claim Two as raised in the Petition. Accordingly, Claim Two in the Petition is procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(2), the Court has authority to address unexhausted claims when a denial is appropriate on the merits, so, for purposes of judicial economy, and even though Claim Two is procedurally defaulted, the merits of Claim Two in the Petition will be addressed in this Report and Recommendation. *See Davis v. Fla.*, No. 18-22622-CV, 2020 WL 7481583, at *3 (S.D. Fla. Nov. 4, 2020), *report and recommendation adopted sub nom. Davis v. Fla. Dep't of Corr.*, No. 18-22622-CIV, 2020 WL 7480818 (S.D. Fla. Dec. 18, 2020). The Court has reviewed the Petition on the merits, as set forth below, but finds it substantively unavailing.

## V.      ANALYSIS REGARDING PETITIONER'S SUBSTANTIVE CLAIMS

Pursuant to 28 U.S.C. § 2254(d), an individual in state custody is entitled to federal habeas corpus relief only on the ground that he is in custody in violation of the United States Constitution or laws or treaties of the United States. To obtain habeas corpus relief from a federal court, a prisoner must demonstrate that the state court's ruling on the claim: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (2018); *see also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

"A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in this Court's cases, or if it confronts a set of

facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies such precedents to the facts in an objectively unreasonable manner." *Id.* In the context of habeas petitions, "clearly established Federal law" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). Federal courts are required to presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The Supreme Court repeatedly has held that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). State court decisions must be given a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily. *See Richter*, 560 U.S. at 96-100; *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

i.   <u>Claim One: Whether Petitioner was denied his constitutional right to effective assistance of counsel when trial counsel failed to advise Petitioner regarding lesser included offenses</u>

Petitioner asserts that his trial counsel's performance was deficient when counsel agreed with the State that lewd or lascivious molestation was a lesser included offense of capital sexual battery, when counsel failed to request an instruction on the lesser included offense of unnatural and lascivious acts, and when counsel failed to advise Petitioner that lewd or lascivious

molestation is not a lesser included offense of capital sexual battery. [DE 1, pp. 7-8]. Petitioner argues that, "[a]lthough the record does reflect that counsel informed petitioner about proceeding to retrial on one charge, counsel never explained to petitioner that lewd and lascivious molestation was a life felony." *Id.* at p. 7.

In response, the State contends that Petitioner simply misunderstands Florida law regarding "lesser included offenses," and state courts have properly rejected his argument in a variety of orders and decisions. [DE 9, p. 24]. The State explains that, in reality, "in Florida[,] lewd or lascivious molestation, under § 800.04(1)(a), Fla. Stat., is a permissive lesser included offense of sexual battery." *Id.* at p. 32. Moreover, under Florida law, "an instruction on a permissive lesser included offense is appropriate if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." *Id.* Additionally, "[i]f an offense meets the criteria for an instruction and verdict choice as either a necessarily or permissive lesser included offense, the State may insist on its inclusion, even over defense objection." *Id.* at p. 33.

According to the State, it properly alleged the elements of lewd or lascivious molestation and then presented sufficient evidence to support a verdict on that charge. [DE 9, p. 33]. The State argues that Petitioner has clearly failed to establish deficient performance on the part of defense counsel when counsel agreed that lewd and lascivious molestation was a permissive lesser included offense. *Id.* Finally, the State argues that it would have been futile for defense counsel to object since "the State was entitled to the instruction on the *permissive* lesser included offense over the defense's objection." *Id.* at p. 34. Therefore, Petitioner cannot establish any prejudice. *Id.*

Petitioner also argues that his trial counsel was deficient in failing to request a jury

11

instruction on the lesser included offense of unnatural and lascivious acts. The State contends in response that "[w]hile it is true that the offense of unnatural and lascivious acts is a permissive lesser included offense of Lewd and Lascivious Molestation…Lewd and Lascivious Molestation was not the offense charged in the information in the second trial." [DE 9, p. 35]. Moreover, Florida law states that an instruction on a lesser offense is not required if it is not a lesser included offense of the offense charged, so trial counsel could not have been deficient in failing to ask for instructions on the offense of unnatural and lascivious acts. *Id.* The State also argues that, since the "omitted instruction relates to an offense two or more steps removed, a reviewing court may find such error to be harmless," Petitioner cannot establish the prejudice prong. *Id.*

Finally, Petitioner asserts in his Petition that defense counsel was also deficient in failing to inform Petitioner "that lewd and lascivious molestation was a life felony," therefore, "not a lesser included offense of capital sexual battery," "but rather an 'equally included' offense." [DE 1, pp. 7-8]. Respondent maintains that Petitioner's allegations are simply incorrect because sexual battery under § 794.011 (2)(a) is a capital felony punishable by term of mandatory imprisonment for life, while lewd or lascivious molestation is a life felony punishable by a term of imprisonment for life or a split sentence. [DE 9, p. 37]. The State asserts that "Petitioner's misguided interpretation of the applicable Florida Sentencing Statutes was consistently rejected by the Florida courts below. Accordingly, the Florida State courts' rejection of this claim is not contrary to or an unreasonable application of clearly established federal law and is not based on an unreasonable determination of facts." *Id.* at p. 38. According to the State, "Petitioner failed to show the State courts rejection of this claim was an unreasonable application of the *Strickland* standard to the facts and circumstances of this case. Thus, this ground was properly denied below." *Id.*

In reply, Petitioner first argues that lewd or lascivious molestation was not a permissive lesser included offense. [DE 14, p. 1]. He next contends that the record does not establish that his counsel advised him that lewd or lascivious molestation was punishable as a life felony and that he is, therefore, entitled to an evidentiary hearing on this issue. *Id.* at p. 5. Finally, Petitioner contends that "[t]he adjudications of the state court resulted in decisions that involved an unreasonable application of clearly established Florida and federal law, as determined by the United States Supreme Court." *Id.* at p. 6.

"In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. Under the 'performance' prong, the defendant must show that counsel's performance 'fell below an objective standard of reasonableness.'" *King v. U.S.*, 250 F. App'x. 930, 932 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 688). "Under the 'prejudice' prong, the defendant must show that counsel's deficient performance actually prejudiced the defendant and that, "but for the attorney's error, the outcome of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *See Strickland,* 466 U.S. at 688. The petitioner must establish that particular and identified acts or omissions of counsel "were outside the wide range of professionally competent assistance." *Chandler v. United States*, 218 F.3d 1305, 1313, 1314 (11th Cir. 2000) (quoting *Burger v. Kemp,* 483 U.S. 776, 794 (1987); *see also Strickland,* 466 U.S. at 686 (stating that petitioner must show "counsel's representation fell below an objective standard of reasonableness", which means that counsel's performance was unreasonable "under prevailing professional norms. . . considering all of the circumstances").

13

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. When assessing a lawyer's performance, "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler,* 218 F.3d at 1314 (11th Cir. 2000). When assessing ineffective assistance of counsel claims, the court's role is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within the wide range of professionally competent assistance." *Van Poyck v. Florida Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir.2002) (quoting *Strickland,* 466 U.S. at 690) (internal quotation marks omitted). "Intensive scrutiny and second-guessing of attorney performance are not permitted." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994).

If a petitioner's claim of ineffectiveness turns on whether counsel should have raised issues of state law, § 2254(d) requires that the federal court defer to the state court's decision regarding its own laws. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superseded by statute on other grounds). It is "a fundamental principle [that] state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *See Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

**(a) whether trial counsel performed deficiently by agreeing with the State that lewd or lascivious molestation was a lesser included offense of capital sexual battery**

It is clear that lewd or lascivious molestation (Fla. Stat. § 800.04(1)(a)) is a permissive

14

lesser included offense of sexual battery when the information alleges that the touching was in a lewd or lascivious manner and the evidence establishes that the touching was in a lewd and lascivious manner. *J.F. v. State*, No. 2D18-1619, 2019 WL 6720430, at *4 (Fla. 2d DCA Dec. 11, 2019) ("[L]ewd or lascivious molestation is not a permissive lesser included offense of capital sexual battery where, as here, the information does not allege that the touching was in a lewd or lascivious manner."); *see also Williams v. State*, 957 So. 2d 595, 598 (Fla. 2007) (lewd or lascivious battery is a permissive lesser included offense of sexual battery with a deadly weapon or physical force likely to cause serious personal injury); *Garcia v. State*, 143 So. 3d 1105, 1109 (Fla. 2d DCA 2014).

It is also clear that, in Florida, a "trial court must give a jury instruction on a permissive lesser-included offense if: (1) the indictment or information alleges all the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of those elements." *Bordes v. State*, 34 So. 3d 215, 216 (Fla. 4th DCA 2010) (citing *Khianthalat v. State,* 974 So. 2d 359, 361 (Fla. 2008)); *Welsh v. State*, 850 So. 2d 467, 470 (Fla. 2003). Furthermore, if an offense meets the criteria for an instruction and verdict choice as either a necessarily or permissive lesser included offense, the State may insist on its inclusion, even over defense objection. *Caruthers v. State*, 235 So. 3d 931, 933 (Fla. 4th DCA 2017) ("Upon request, the judge must instruct the jury on permissive lesser included offenses of the crime charged which are supported by the information and evidence.") (citing *Wimberly v. State*, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997)); *State v. Johnson*, 601 So. 2d 219, 220 (Fla. 1992); *Gallo v. State*, 491 So. 2d 541, 543 (Fla. 1986)), *receded from on other grounds by Gould v. State*, 577 So. 2d 1302, 1305 (Fla. 1991).

In this case, the State alleged the elements of lewd or lascivious molestation and presented sufficient evidence to show that Petitioner committed an act meeting the definition of sexual activity pursuant to Fla. Stat. § 800.04(5)(a)—that the victim was less than twelve years of age, and that Petitioner is a person eighteen years of age or older—in order to support a verdict thereon. Therefore, the trial court was correct in finding that lewd and lascivious molestation was a permissive lesser included offense of sexual battery, as charged in the Information, under the facts and circumstances of this specific case.

Petitioner has failed to establish that defense counsel provided ineffective assistance of counsel when he agreed with the trial court and the State that lewd and lascivious molestation was a permissive lesser included offense of sexual battery, given the particular facts of this case. Further, even if defense counsel had objected, the State was entitled to the instruction on the permissive lesser included offense over the defense's objection, so Petitioner has failed to establish the prejudice prong of the *Strickland* standard as well.

### (b) whether trial counsel performed deficiently by failing to request a jury instruction on unnatural and lascivious acts

Petitioner was re-tried in 2013 for sexual battery upon a person less than 12 years of age, contrary to § 794.011(2)(a), Fla. Stat., a capital felony. [DE 11-4, pp. 354-66; 387-89]. Defense counsel requested instructions on lewd and lascivious molestation, attempted sexual battery, attempted lewd or lascivious molestation, and battery, as lesser included offenses of the offense charged, sexual battery. [DE 11-4, pp. 597-98]. The jury was instructed on the four lesser included offenses as requested. [DE 11-4, p. 760-645]. The jury found Petitioner guilty of "lewd or lascivious molestation, a lesser included charge." [DE 10-1, Ex. 7; DE 11-7, p. 846-7].

Unnatural and lascivious acts is a permissive lesser included offense of lewd and lascivious

molestation. *Lowman v. Moore*, 744 So. 2d 1210, 1211 (Fla. 2d DCA 1999). However, lewd and lascivious molestation was not the offense with which Petitioner was charged, and for which he was tried, during the second trial. Therefore, unnatural and lascivious acts is twice removed from the offense actually charged and tried (sexual battery). In Florida, an instruction on a lesser offense is not required if it is not a lesser included offense of the offense charged. When the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not *per se* reversible, but instead is subject to harmless error analysis. *Bigio v. Crews*, No. 14-CV-60783, 2015 WL 13541058, at *27 (S.D. Fla. July 13, 2015), *report and recommendation adopted,* No. 14-60783-CIV, 2015 WL 13540986 (S.D. Fla. Sept. 22, 2015), *aff'd sub nom. Bigio v. Fla. Dep't of Corr.*, 694 F. App'x 672 (11th Cir. 2017); *Pena v. State*, 910 So. 2d 781, 787 (Fla. 2005); *State v. Jefferson*, 347 So. 2d 427 (Fla. 1977); *Martin v. State*, 342 So. 2d 501 (Fla. 1977). Only a trial court's failure to instruct on the lesser offense one step removed, is *per se* reversible; all other lesser offense instructions fall within the harmless error analysis. *State v. Abreau*, 363 So. 2d 1063, 1064 (Fla. 1978).

In light of the relevant law, the Court finds that trial counsel was not deficient in failing to ask for jury instructions on the offense of unnatural and lascivious acts. Furthermore, even if trial counsel had been deficient in failing to request the instructions, Petitioner has failed to establish the prejudice prong. He has provided no evidence to support his argument that the jury would have found him guilty of unnatural and lascivious acts if the instructions on that crime had been read. Any alleged error asserted by Petitioner is clearly harmless. In sum, Petitioner has failed to satisfy the requirements of *Strickland* and has failed to show the Florida courts' rejection of this claim is contrary to, or an unreasonable application of clearly established federal law, or that it is based on

an unreasonable determination of facts.

      **(c) whether trial counsel performed deficiently by failing to advise Petitioner that lewd or lascivious molestation is not a lesser included offense of capital sexual battery**

Here, Petitioner appears to assert a variation of his above argument that his trial counsel should not have agreed to the inclusion of lewd or lascivious molestation as a permissive lesser included offense. Again, as stated above, the jury would have been instructed regarding lewd or lascivious molestation regardless of whether defense counsel had objected. Therefore, it does not matter whether defense counsel sufficiently explained to Petitioner that lewd or lascivious molestation could result in a life sentence. Since Petitioner cannot possibly establish any prejudice, there is no reason to conduct an evidentiary hearing on this sub-issue.

Next, Florida Statute § 794.011(2)(a), regarding sexual battery, states: "A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141." On the other hand, Florida Statute § 800.04(5)(b) states in relevant part that lewd or lascivious molestation is a life felony, punishable as provided in Fla. Stat. § 775.082(3)(a)4. Florida Statue § 775.82(3)(a)4. allows for "(1) a term of imprisonment for life or (2) a split sentence that is a term of at least 25 years' imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person's natural life, as provided in s. 948.012(4), at the discretion of the trial court." Thus, under Florida law, the trial court could sentence Petitioner anywhere from 25 years to life. Petitioner was sentenced to life in prison as the court had discretion to do under § 775.82(3)(a)4. Petitioner has failed to show trial counsel was deficient in failing to inform him "that lewd and lascivious

18

molestation was a life felony," therefore, "not a lesser included offense of capital sexual battery," "but rather an 'equally included' offense." Nor has he shown any prejudice. The State is correct that Petitioner misunderstands the relationship between the two crimes and relies on outdated case law to support his position.

In sum, the state courts' rejection of this claim is not contrary to, or an unreasonable application of, clearly established federal law and is not based on an unreasonable determination of facts. Petitioner has failed to show that the state courts' rejection of this claim was an unreasonable application of the *Strickland* standard to the facts and circumstances of this case.

ii.   <u>Claim Two: Whether Petitioner's trial counsel was ineffective when counsel chose not to file a motion for judgment of acquittal or arrest of judgment on the lewd and lascivious molestation conviction on double jeopardy grounds</u>

Petitioner argues that his trial counsel provided ineffective assistance of counsel in failing to file a motion for judgment of acquittal or arrest of judgment on the lewd and lascivious molestation conviction on double jeopardy grounds when counsel was aware that the lewd and lascivious molestation charge had been dismissed at the previous trial during the sentencing hearing at the behest of the State to avoid a double jeopardy issue. [DE 1, p. 11]. Petitioner further asserts that his counsel's failure to move for a judgment of acquittal or an arrest of judgment was "prejudicial and especially egregious where jeopardy had already attached to the lewd or lascivious charge at the previous trial and the court indicated that Count 2 was dismissed and not revived by the mandate." *Id.* He contends that the lewd or lascivious molestation charge "was the same charge that petitioner was prosecuted for at the previous trial, and double jeopardy protections prohibited petitioner's conviction for the lewd or lascivious charge that was not a lesser included offense and which was dismissed at the previous trial." *Id.*

19

The State points out that the 2013 re-trial was on a single count of sexual battery on a person less than 12 years of age, and the jury was instructed on the one count of sexual battery on a person less than 12 years of age, with 1) lewd and lascivious molestation; 2) attempted sexual battery on a person less than the age of 12; 3) attempted lewd or lascivious molestation; and 4) battery as the four lesser included offenses. [DE 9, p. 42]. The jury ultimately found Petitioner guilty of "lewd or lascivious molestation, a lesser included charge." [DE 10-1, Ex. 7]. The State argues that Petitioner's trial counsel clearly could not have filed a motion for judgment of acquittal or arrest of judgment on the lewd or lascivious molestation conviction on double jeopardy grounds when the second count in the amended information had been dismissed at the end of the first trial in 2010, and was not considered by the jury at the re-trial in 2013 as an individual count, but solely as a lesser included offense. [DE 9, p. 42]. According to the State, Petitioner has failed to demonstrate both professional error and a prejudicial effect on the proceedings. *Id.* at p. 43.

The record is clear that, in 2013, Petitioner was retried on a single count of sexual battery on a person less than 12 years of age. [DE 11-4, pp. 354-66; 387-89]. When the trial court judge instructed the jury, the judge explained, "Nolan M. Woods, the Defendant in this case has been accused of the crime of Sexual Battery Upon a Person Less than 12 Years of Age." [DE 11-4, p 759, lines 20-22]. The judge then explained that the lesser included crimes included "Lewd and Lascivious Molestation, Attempted Sexual Battery on a Person Less than 12 Years of age, Attempted Lewd or Lascivious Molestation, or Battery. [DE 11-4, p. 760, lines 7-11]. The jury was instructed on each of the offenses. [DE 11-4, pp. 760-64]. The jury ultimately convicted Petitioner of Lewd or Lascivious Molestation, a lesser included charge. [DE 11-7, p. 846, lines 22-23].

It appears to the Court that Petitioner is confused as to what happened at his first trial versus his second trial. During the first trial, the State proceeded on two charges against Petitioner: sexual battery on a person less than 12 years of age (Count 1) and lewd or lascivious molestation (Count 2). He was convicted by a jury of both charges. Then, the State moved to dismiss Count 2 at sentencing to avoid a double jeopardy issue. During the second trial, the State only proceeded on the charge of sexual battery upon a person less than 12 years of age, along with its lesser included offenses. Petitioner cannot satisfy *Strickland*'s deficient performance or prejudice prong since, at the conclusion of the 2013 retrial, his attorney could not have possibly filed a successful motion for judgment of acquittal or arrest of judgment on the lewd and lascivious molestation conviction on double jeopardy grounds.

## VI.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b) to the Rules Governing § 2254 Proceedings.

After a careful review of the record, the Court finds that Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may [be] issued[d] . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she

seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised in the Petition are clearly without merit, Petitioner cannot satisfy the *Slack* test. Upon consideration of the record as a whole, the District Judge should deny a certificate of appealability.

## VII.   <u>RECOMMENDATION TO THE DISTRICT JUDGE</u>

A very careful review of the entire record establishes that Petitioner's claims are meritless and due to be denied for the reasons stated above. No evidentiary hearing is necessary. The Petition fails to establish any grounds for relief. Accordingly, the undersigned Magistrate Judge recommends that the District Judge **DENY** Petitioner Nolan Woods' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1].

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of February, 2021.


WILLIAM MATTHEWMAN
United States Magistrate Judge