# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-81418-CIV-MIDDLEBROOKS/Matthewman

NOLAN WOODS,

    Petitioner,

v.

MARK INCH,

    Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE comes before the Court on Magistrate Judge William Matthewman's Report, issued on February 5, 2021. (DE 17). The Report recommends denying Petitioner Nolan Wood's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*Id.*). Petitioner filed Objections to the Report, which were entered on the docket on March 24, 2021. (DE 20).

I have conducted a *de novo* review of the Report, objections, and the record as a whole. Petitioner raises two claims of ineffective assistance of trial counsel. The Report concludes that Ground One and Ground Two of the Petition were properly exhausted and therefore amenable to review, but that on the merits, the claims fail because the state court decision was supported by the record, and the Petitioner cannot satisfy Strickland's deficient performance prong for either ground.

I have considered Petitioner's Objections. Upon review, I agree with Magistrate Judge Matthewman's conclusions in Ground I and find that the reasoning in the Report is accurate.

With regards to Ground II, I find that the Report correctly explains why this claim is unexhausted and fails to meet the *Martinez v. Ryan*, 566 U.S. 1 (2012) exception to the federal

court's bar on reviewing unexhausted claims. I also find that Judge Matthewman's ultimate conclusions about the merits of this claim are accurate but find that further elaboration is needed.

When this case first went to trial in 2010, Petitioner was charged with both sexual battery and lewd and lascivious molestation.[1] (DE 10-1, 2). Specifically, it was alleged that Petitioner touched and or penetrated a child's vagina with his fingers and attempted to do so with his penis. *See* (DE 10-1, pp. 98–103) (Defendant's Initial Appellant Brief summarizing the allegations). Petitioner was tried by a jury and convicted on both counts. (DE 10-1, p. 5). After the verdict but prior to sentencing, the court dismissed the charge of lewd and lasciviousness molestation because "to adjudicate him or sentence him on both Count 1 and Count 2 would be a violation of his right not to be subject to double jeopardy." (DE 11-1, p. 49). The court then sentenced Petitioner to life without parole for his conviction of sexual battery. (DE 10-1, p. 7).

After his conviction, Petitioner appealed his sentence to the Fourth District Court of Appeal ("DCA") where he raised the following issues: (1) the trial court erred in not ordering a competency examination and failing to make any inquiry when counsel stated he had reason to believe appellant was not competent to stand trial, (2) the trial court erred in refusing to conduct a "Nelson" hearing to determine if appellant had grounds to discharge counsel and whether new counsel should be appointed, and (3) the trial court erred in excluding prior statements by the complainant to an investigator that she told her mother that her grandpa did not do anything because the statement impeached the witness as to significant portions of the testimony. (DE 10-1, pp. 10–11). The Fourth DCA reversed Petitioner's sentence and conviction on the basis that the trial court's error of excluding the complainant's prior inconsistent statement was not harmless

---

[1] In the Report and Recommendation, the word "luscious" appears in lieu of "lascivious" in two places. (DE 17, pp. 6, 8). The Report is adopted subject to the noted corrections of these typographical errors.

and remanded for a new trial. *Woods v. State*, 92 So. 3d 890 (Fla. 4th DCA 2012); (DE 10-1, pp. 85–86).

Petitioner was retried on the sexual battery count in 2013. (DE 11-2). The jury was given a responsive verdict form where the jurors could convict Petitioner of, among other things, lewd and lascivious molestation, a lesser and included offense of sexual battery.[2] (DE 10-1, p. 88). Petitioner was convicted of the lesser offense of lewd and lascivious molestation and was sentenced to life in prison. (*Id*); (DE 10-1, p. 90). It is this conviction that the Petitioner now challenges in this §2254 proceeding. (DE 1).

In Ground II, Petitioner raises a double jeopardy claim on the basis that he had already been convicted of lewd and lascivious molestation in 2010 and that charge was dismissed by the

---

[2] The Report cites to *J.F. v. State*, No. 2D18-1619, 2019 WL 6720430, at *4 (Fla. Dist. Ct. App. 2019) for the proposition that lewd and lascivious molestation is a lesser and included offense of sexual battery. (DE 17, p. 15). There, the court found that under the circumstances of that case, lewd and lascivious molestation was not an included offense. *J.F.* 2019 WL 6720430, at *4. The report also cites *Williams v. State*, 957 So. 2d 595, 598 (Fla. 2007) (lewd or lascivious battery is a permissive lesser included offense of sexual battery *with a deadly weapon*)(emphasis added). (DE 17, p. 15). In adopting this Report, this court referenced other state law and another section of the *Williams* decision in supporting that lewd and lascivious molestation can be an included offense of sexual battery. *See Osborn v. State*, 177 So. 3d 1034, 1036 (Fla. Dist. Ct. App. 2015) ("a lewd and lascivious battery is a *permissive* lesser-included offense to sexual battery")(emphasis in original); *Williams v. State*, 922 So. 2d 418 (Fla. Dist. Ct. App. 2006), *approved,* 957 So. 2d 595 (Fla. 2007)("Lewd or lascivious battery could be considered a lesser-included offense of sexual battery, under amended version of lewd or lascivious battery statute…definition of "sexual activity" for purposes of lewd or lascivious battery was virtually identical to definition of "sexual battery" for crimes under sexual battery statute, indicating that both were intended to prohibit the same basic conduct. § 794.011(3) Fla. Stat. (2017); § 800.04 Fla. Stat. (2014). It should be noted that here, the offense was "lewd and lascivious molestation" rather than battery, but the same analysis applies: Petitioner's charged conduct meets elements of both crimes. Sexual battery means the intentional "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object" (§ 794.011 Fla. Stat.) and a "person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation." § 800.04 Fla. Stat. Ann.

state. (DE 1, pp. 10–11). He asserts that he could not be convicted of the same lewd and lascivious charge again without violating double jeopardy. Under Florida law, "[j]eopardy attaches *when a court imposes a sentence*, after which the double jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed." *Ingraham v. State,* 842 So.2d 954, 955 (Fla. Dist. Ct. App. 2003)(internal citation omitted)(emphasis added); *Morris v. State*, 185 So. 3d 630, 631 (Fla. Dist. Ct. App. 2016). Here, the court dismissed the charge of lewd and lascivious molestation before jeopardy attached. It would have been error for the court to sentence Petitioner to both sexual battery and lewd and lascivious molestation when it was a lesser and included offense of sexual battery, but that was not what happened. Petitioner was sentenced to sexual battery in 2010. That sentence was reversed based on a trial court error and retried as one count of sexual battery in 2013. Petitioner was able to be retried without violating double jeopardy because the state has the right to re-try a defendant for the same crime after a conviction is reversed on appeal for erroneous evidentiary ruling. *See Gore v. State*, 784 So. 2d 418, 427 (Fla. 2001) ("the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the State from retrying a defendant who succeeds in getting his conviction set aside on appeal due to some error in the proceedings below" (citing *Lockhart v. Nelson,* 488 U.S. 33, 38 (1988). That Petitioner was ultimately convicted of one count of lewd and lascivious molestation is of no consequence. The trial court followed standard procedure when a sentence and conviction is reversed for a trial court error.

      Petitioner's objection to the Report argues that the "magistrate overlooks" that lewd and lascivious molestation is mutually exclusive from and not a lesser included offense of sexual battery, and cites to cases where a lewd and lascivious crime was found to not be a lesser included offense of sexual battery. (DE 20, p. 1). Petitioner misunderstands that while lewd and lascivious

4

molestation is not necessarily a lesser included offense of sexual battery, it is a permissive lesser included offense of sexual battery. *See Osborn*, 177 So. 3d 1036 (finding a lewd and lascivious crime under § 800.04 Fla. Stat. Ann can be a lesser included offense of sexual battery).

Petitioner also argues the type of touch alleged was "unnatural" and should have allowed for an instruction on the lesser included offense of "unnatural and lascivious act under section 800.2 Fla. Stat. (2015)." (DE 20 p. 2). However, Petitioner did not raise this as a ground for relief in his habeas petition, nor is it clear that he is requesting relief on this basis in his reply.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Objections to the Magistrate's Report (DE 20) are **OVERRULED**.

(2) Magistrate Judge Matthewman's Report (DE 17) is hereby **ADOPTED**.

(3) Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE 1) is **DENIED.**

(4) Further, I find that Movant has failed to make "a substantial showing of the denial of a constitutional right" sufficient to support the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253.

(5) Final judgment will be entered by separate Order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 8th day of April, 2021.

Donald M. Middlebrooks
United States District Judge

Copies to: Magistrate Judge William Matthewman;
Nolan M Woods, PRO SE
W39711
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233

Georgina Jimenez-Orosa
Attorney General Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: CrimAppWPB@MyFloridaLegal.com